**Opinion filed November 2, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-17-00292-CR

_____

## JAMES DEWAYNE GRUMBLES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause No. 24576**

## M E M O R A N D U M   O P I N I O N

Appellant filed an untimely notice of appeal from a conviction for the offense of possession of a controlled substance. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on August 28, 2017, and that his notice of appeal was filed in the district clerk's office on October 16, 2017. When the appeal was filed in this court, we notified Appellant that the notice of appeal appeared to be untimely—as it was due to be filed on or before September 27, 2017. We also informed Appellant that the appeal may be dismissed for want of jurisdiction, and we requested that Appellant respond to our letter and show grounds to continue.

In response to this court's letter, Appellant's counsel acknowledges that he calendared the due date incorrectly and failed to timely file the notice of appeal. Counsel has informed Appellant of the mistake and of counsel's intent to file a writ on Appellant's behalf. In that regard, counsel has requested that we dismiss this appeal and issue mandate at our earliest convenience.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant did not file a motion for new trial and that his notice of appeal was not filed with the clerk of the trial court until forty-nine days after sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

This appeal is dismissed for want of jurisdiction. Pursuant to Appellant's request, the mandate of this court shall be issued in an expedited manner. TEX. R. APP. P. 18.1(c).

November 2, 2017                                              PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Dauphinot[1]

Bailey, J., not participating.

---

[1]Lee Ann Dauphinot, Retired Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.